**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Anthony Theodore JOHNSON,
Defendant—Appellant.**

No. 08–10001.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2008.*

Filed June 23, 2009.

---

California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Andrew D. Duncan, Esquire, Las Vegas, NV, Robert Lawrence Ellman, Esquire, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Richard F. Boulware, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: NOONAN, KLEINFELD and IKUTA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

**MEMORANDUM ***

We need not decide the waiver issue raised by Johnson under Federal Rule of Criminal Procedure 59(b), because accepting the magistrate's conclusion that this was a stop and frisk, the government still prevails. Thus we assume for purposes of discussion that there was a stop and frisk and analyze it under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This required only reasonable suspicion, not probable cause. *United States v. Soyland*, 3 F.3d 1312 (9th Cir.1993), has no applicability, because that was an arrest, requiring probable cause. Reasonable suspicion arose because (1) it was around 1:00 a.m., *United States v. Mattarolo*, 209 F.3d 1153, 1157 (9th Cir.2000); (2) marijuana smoke emanated from Johnson and the other three individuals he was standing outside Squiggy's Bar with, *United States v. Mayo*, 394 F.3d 1271, 1275 (9th Cir.2005); (3) this is a rough bar where multiple murders have taken place, in a rough neighborhood in terms of gang activity, *Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); (4) Johnson started leaving when the police arrived, *United States v. Holzman*, 871 F.2d 1496, 1502 (9th Cir.1989). Once Johnson responded to the policy inquiry regarding drugs of weapons by saying "I got the heat" and indicating his waistband, it was a reasonable part of the stop, for officer safety, to handcuff him and frisk him, which led to feeling the gun and taking it from him in the course of the stop.

**AFFIRMED.**